Dear Judge Perez:
Your request for an Attorney General's opinion concerning the effect of the repealed expungement article has been forwarded to me for research and reply. You asked the following question:
 Should misdemeanor offenders be given the benefit of the expungement articles if the offenses committed and the guilty pleas entered occurred prior to the repeal of these articles?
In response to your question, La. R.S. 44:9 deals with the expungement of records pertaining to violations of municipal ordinances and of state statutes classified as misdemeanor or felony. It is the opinion of this office that the provisions of44:9 dealing with the expungement of misdemeanor convictions remain unchanged. Therefore, one entering a plea of guilty to a misdemeanor offense may seek the expungement benefit of La. R.S.44:9 without the necessity of having the sentence amended.
La. R.S. 44:9 is separate and distinct from La. C.Cr.P. Arts.893(D) and 894(B) which provide for the suspension and deferral of sentence in particular first felony and misdemeanor cases. These articles, which were repealed on August 15, 1995, have been reinstated by Act No. 5, H.B. 155, effective May 1, 1996. They are retroactive to the date of the repeal. Offenders sentenced under 893(D) or 894(B) prior to their repeal may be afforded the benefits provided at the time of the sentencing. Offenders with proceedings pending at the time of the repeal may receive benefit of the reinstated articles subject to the increased exceptions therein. However, offenders who entered guilty pleas and were sentenced prior to the aforementioned repeal may not be afforded the benefit of these articles if they were not sentenced under 893 or 894.
I hope the foregoing has adequately answered your question. If our office can be of further assistance please do not hesitate to contact us. With kindest regards, I remain.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ Mary E. Hunley Assistant Attorney General